**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 10, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JENIFER ADRIANA LOPEZ-RAMIREZ,

    Defendant - Appellant.

No. 20-1281
(D.C. No. 1:19-CR-00285-RM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Jenifer Adriana Lopez-Ramirez's plea agreement.  We grant the

government's motion and dismiss the appeal.

Lopez-Ramirez pled guilty to two counts of bank robbery, in violation of

18 U.S.C. § 2113(a), and two counts of possession of a firearm during and in relation

to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The district court

sentenced her to five years' concurrent imprisonment on the two bank-robbery counts

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and seven years' consecutive imprisonment on each of the two § 924(c) counts for a total of nineteen years.

Lopez-Ramirez seeks to challenge the district court's acceptance of her plea agreement and her sentence through this appeal. But she agreed to a broad waiver of appellate rights in the following portion of her plea agreement:

> "[T]he defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence on the bank robbery counts exceeds the advisory guideline range that applies to a total offense level of 28; or (3) the government appeals the sentence imposed.

Mot. to Enforce Appeal Waiver Attach. 1 at 2. The government has moved to enforce the appeal waiver in the plea agreement under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The government asserts that all of the *Hahn* conditions have been satisfied: (1) Lopez-Ramirez's appeal is within the scope of the appeal waiver because her sentence did not exceed the statutory maximum, her sentence on the bank-robbery counts did not exceed the advisory guideline range applicable to an offense level of 28, and the government did not appeal; (2) she knowingly and voluntarily waived her appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice.

2

Lopez-Ramirez's counsel filed a motion to withdraw and a response citing *Anders v. California*, 386 U.S. 738, 744 (1967), that said he could identify no non-frivolous argument to oppose the government's motion. We gave Lopez-Ramirez the opportunity to respond to her counsel's submission. *See id.* She did so, noting her belief that her plea agreement preserved her right to appeal based on ineffective assistance of counsel. And she outlined the basis for her ineffective assistance of counsel claim, which relates to her trial counsel's conduct in connection with the sentencing hearing and not to her trial counsel's conduct in negotiating the plea agreement.[1]

Lopez-Ramirez misconstrues the appeal waiver in her plea agreement. She did not preserve a right to pursue a direct appeal based on ineffective assistance of counsel. But her plea agreement stated that her appeal waiver "does not prevent [Lopez-Ramirez] from seeking relief otherwise available in a collateral attack" on the grounds that she "was deprived of the effective assistance of counsel." Mot. Attach. 1 at 3. This was proper. "Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). To the extent Lopez-Ramirez seeks to bring a claim of ineffective assistance of counsel, she should do so in a collateral proceeding.

---

[1] "[I]neffective assistance of counsel in connection with the negotiation of [an appeal] waiver" can be grounds for refusing to enforce the appeal waiver. *Hahn*, 359 F.3d at 1327 (internal quotation marks omitted).

Based on our independent review of the record, we conclude that the *Hahn* conditions are satisfied in this case. We therefore grant the government's motion and dismiss the appeal. We do so, however, without prejudice to Lopez-Ramirez's right to pursue post-conviction relief on the grounds permitted in her plea agreement.

We grant Gregory Stevens's motion to withdraw as counsel.

Entered for the Court
Per Curiam